FILED

SEP 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHYLLIS JACKSON; THE ESTATE OF MICHAEL WILSON by and through its successor-in-interest Phyllis Jackson, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> MACY GERMONO, in her individual capacity; MARYLENE IBANEZ, in her individual capacity; ANIL KUMAR, in his individual capacity, <br><br> Defendants-Appellants. <br><br> and <br><br> COUNTY OF SAN DIEGO, WILLIAM GORE, VINCENT RONALD GATAN, PETER FREEDLAND, COAST CORRECTIONAL MEDICAL GROUP, <br><br> Defendants. | No.   23-4408 <br><br> D.C. No. 3:20-cv-00457-RBM-DEB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Ruth Bermudez Montenegro, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted September 9, 2024[**]
Pasadena, California

Before: IKUTA, FRIEDLAND, and LEE, Circuit Judges.

Macy Germono, Marylene Ibanez, and Anil Kumar (collectively, "the nurses") appeal the district court's order denying their motion for summary judgment in a civil rights action under 42 U.S.C. § 1983 alleging violations of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We affirm.[1]

Phyllis Jackson alleges that each nurse violated Michael Wilson's Eighth Amendment right to adequate medical care through deliberate indifference to his serious medical needs. We agree with the district court's determination that in this factual context, Wilson "had a right to not be denied or delayed in receiving all of his prescribed cardiac medications by jail medical staff who knew of his severe cardiac issues and [knew] that he had missed doses of his essential cardiac medications." The nurses do not meaningfully challenge this definition of the allegedly violated right.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Jackson's Motion for Judicial Notice (Dkt. 19) is GRANTED, and the nurses' Motion to File Replacement Brief (Dkt. 32) is GRANTED.

The district court did not err in concluding that the nurses' alleged conduct violated this right. It is undisputed that Wilson had a serious medical condition. Viewing the facts in the light most favorable to Wilson, each nurse separately examined Wilson's medical records, giving rise to the inference that each nurse knew of Wilson's need for his prescribed medications, knew of the jail's failure to provide those medications, and knew of the risk Wilson faced if he did not receive treatment. A reasonable finder-of-fact could conclude that the nurses' failure to manage Wilson's potentially fatal condition by providing him with medication for his serious medical needs was in disregard of a substantial risk to Wilson's health.

Nor did the district court err in concluding that the right at issue was clearly established. It is clearly established that a medical professional's inaction in light of a patient's known need for missed medication may constitute deliberate indifference. *See Russell v. Lumitap*, 31 F.4th 729, 743-44 (9th Cir. 2022) (affirming denial of summary judgment to a nurse who "had access to facts from which an inference could be drawn that" a patient was at serious risk, but who did not call paramedics or the on-call physician despite worsening symptoms); *Lolli v. Cnty. of Orange*, 351 F.3d 410, 420-21 (9th Cir. 2003) (reversing the grant of summary judgment to prison officials who were on notice of a pretrial detainee's diabetic condition and need for food, but who denied medical attention); *Wakefield*

*v. Thompson*, 177 F.3d 1160, 1165 (9th Cir. 1999) (reversing dismissal of a § 1983 claim based on deliberate indifference to serious medical needs, where a prison official was aware of an inmate's prescription for psychotropic medication, but did not act on the inmate's behalf).

Each nurse engaged in comparable conduct under comparable circumstances, and the nurses were each on notice that ignoring Wilson's request for a prescribed and necessary treatment could violate Wilson's clearly established Eighth Amendment rights. Therefore, the district court's analysis was adequately specific to the circumstances as to each nurse, and we reject the nurses' argument that the district court erred by not further individualizing its qualified immunity analysis to each nurse.[2]

**AFFIRMED.**

---

[2] Finally, the nurses failed to elaborate on their argument that the district court erred in denying qualified immunity to the nurses because Wilson's opposition to summary judgment failed to separately brief qualified immunity. Because this issue is not "argued specifically and distinctly" in the nurses' opening briefs, *Ent. Rsch. Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir.1997), we do not address it here.