EUGENE G. IREDALE: SBN 75292
JULIA YOO: SBN 231163
SARAH MUSUMECI: SBN 328306
CHELSEA REHERMAN: SBN 343446
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
TEL: (619) 233-1525
Attorneys for Plaintiff

GRACE JUN (SBN 287973)
grace@gracejunlaw.com
501 West Broadway, Suite 1480
San Diego, CA 92101
Tel: (310) 709-4012

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF MICHAEL WILSON, by and through its special administrator, PHYLLIS JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; ANIL KUMAR, an individual; MARYLENE IBANEZ, an individual; MACY GERMONO, an individual; PETER FREEDLAND, an individual; VINCENT GATAN, an individual; and COAST CORRECTIONAL MEDICAL GROUP<br><br>Defendants. | CASE NO. 3:20-cv-0457-RBM-DEB<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* 5 OF 5 TO PRECLUDE INSTRUCTION REGARDING THE STATUTE OF LIMITATIONS FOR PLAINTIFF'S NEGLIGENCE CLAIM**<br><br>**Opposition to Defendants' MIL No. 5 of 5**<br><br>Hon. Ruth Bermudez Montenegro<br><br>Trial Date: November 12, 2023<br>Time:       8:30 a.m.<br>Courtroom: 5B |

According to both the County of San Diego Defendants and Coast Correctional Medical Group (CCMG) Defendants, Plaintiff's state law claim of negligence is barred by the statute of limitations. Yet, the County Defendants never asserted the statute of limitations as an affirmative defense in their answer. *See* County Answer at dkt. 67. Only CCMG Defendants asserted the statute of limitations as an affirmative defense in accordance with Code Civ. Proc. § 458. *See* dkt. 65 at p. 8 (Ninth Affirmative Defense). The County Defendants have waived the statute of limitations defense by failing to assert it in the manner prescribed by Code Civ. Proc. § 458. *Area 55, LLC v. Nicholas & Tomasevic, LLP*, 61 Cal. App. 5th 136, 172 (2021) ("where the defendant fails to comply with section 458's strict pleading requirements, the defendant 'waives the defense' of the bar of the applicable statute of limitations.")[1].

Despite this, all Defendants move to preclude any instruction on the statute of limitations, and essentially seek to bifurcate the negligence claim from the § 1983 claims, because "if the jury is instructed that the negligence claim is too late, they might be inclined to find against these defendants on the constitutional claims even if not warranted." (Defs. MIL, dkt. 193, 3:26-4:2.) Defendants' request is speculative and without support.

First, whether CCMG Defendants have satisfied their burden of showing the affirmative defense applies is an issue of fact requiring resolution by the jury. Defendants imply it is a foregone conclusion the statute of limitations bars Plaintiff's negligence claim. But Code Civ. Proc. § 340.5 states the statute of limitations for a medical malpractice claim is one year "after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury[.]" The term "injury" as used in section 340.5 "means both 'a person's physical condition *and* its 'negligent cause.'" *Gutierrez v. Mofid*, 39 Cal. 3d 892,

---

[1] Unless otherwise noted, all internal citations and alterations in the original have been omitted.

896 (1985) (emphasis in original). "[T]he uniform California rule is that a limitations period dependent on discovery of the cause of action begins to run no later than the time the plaintiff learns, or should have learned, the facts essential to his claim." *Id*. at 897. Therefore, the fact that Phyllis Jackson knew Michael Wilson had died on February 14, 2019 is not dispositive. The jury must determine the time when the plaintiff "learn[ed], or should have learned, the facts essential" to the medical malpractice claim. *Id*.

Second, the contention that the jury may simply find in favor of Plaintiff's § 1983 claims because CCMG defendants contend the negligence claim is time-barred is unmoored from any factual or legal basis. The law presumes "jurors can be relied upon to follow the trial judge's instructions." *Samia v. United States*, 599 U.S. 635, 646 (2023). This "presumption credits jurors by refusing to assume that they are either 'too ignorant to comprehend, or were too unmindful of their duty to respect, instructions' of the court." *Id*. at 647. The Court will undoubtedly instruct the jurors regarding Plaintiff's § 1983 claims, the state law negligence claim, and any separate affirmative defenses properly raised by Defendants. There is no reason to conclude that jurors will simply ignore this Court's instructions to come to its verdict.

Finally, defendants provide no legally valid authority or argument for their request for their bizarre procedural gambit bifurcating the jury's determination of the statute of limitations defense from the determination of liability and damages, and asking that the defense to liability on the statute of limitations be determined **after** the jury has decided liability and damages on the medical malpractice claim.  Defendants' request that the Court engage in a Byzantine Rube Goldbergian procedure purely for their strategic advantage, despite the

///

///

///

1  absence of logic and the needless imposition of complexity, delay and
2  consumption of time they seek to impose upon the jury, Court and Plaintiffs,
3  should be rejected.

| | |
|---|---|
| | Respectfully Submitted, |
| Dated October 18, 2024 | s/ Eugene Iredale |
| | s/ Grace Jun |
| | EUGENE IREDALE |
| | GRACE JUN |
| | Attorneys for Plaintiff Estate of Michael Wilson |